# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NANETTE BLOXHAM and JUSTIN BLOXHAM,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

NO. 3:19-CV-0481

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is the Motion to Dismiss (Doc. 3) filed by Defendant Allstate Insurance Company ("Defendant"). For the reasons that follow, the motion will be granted.

### I. Background

The facts as alleged in the Complaint are as follows:

On or about March 17, 2017, Nanette and Justin Bloxham ("Plaintiffs") purchased an insurance policy from Defendant which provided coverage for a home at 2082 State Route 247, Clifford Township, Lackawanna County, Pennsylvania. (*See* Doc. 1-2, Ex. "A", ¶ 5). The policy provided for coverage for loss to the dwelling in the amount of $167,388.00, personal property loss in the amount of $117,172.00, and loss of use limited to loss sustained not to exceed 12 consecutive months. (*See id*. at ¶ 7).

On or about May 18, 2017, Plaintiff sustained an accidental fire loss to the home and personal property. (*See id*. at ¶ 8). The home was a total loss. (*See id*. at ¶ 13). Plaintiff reported the loss to Defendant and complied with all requests for information. (*See id*. at ¶ 9-10).

By correspondence dated May 3, 2018, Defendant denied payment on the basis that Plaintiff did not reside at the subject property. (*See id*. at ¶ 11 & Ex. "B").

Therein, Defendant explained: "Allstate's investigation has determined that neither Nanette nor Justin resided at the Property. There were misrepresentations of fact material to the claim, including, but not limited to misrepresentations related to residency, condition of the Property prior to the fire, ownership of the Property, and issues regarding utilities at the Property." (*Id*. at Ex. "B"). The denial letter also cited the policy language relied on by Defendant to deny coverage. (*See id*.).[1]

Plaintiffs dispute the decision to deny coverage "and continue to argue their claim that the property was in fact occupied at the time of the fire as the Plaintiffs were making ongoing and continuous repairs and renovations to the dwelling." (*Id*. at ¶ 12).

Based on the foregoing, Plaintiffs commenced litigation against Defendant by filing a Praecipe for Writ of Summons in the Court of Common Pleas of Susquehanna County, Pennsylvania. (*See* Doc. 1-2, ¶ 1). Plaintiffs subsequently filed a two-Count Complaint asserting claims for breach of contract (Count I) and statutory bad faith (Count II). (*See* Doc. 1-2, Ex. "A", *generally*). Defendant removed the action to this Court on March 18, 2019. (*See* Doc. 1, *generally*). A week later, Defendant filed the instant motion to dismiss and supporting brief. (*See* Doc. 3, *generally*). Despite being directed to submit a brief in opposition to the motion to dismiss, (*see* Doc. 5, *generally*), Plaintiffs failed to do so. Accordingly, the motion to dismiss is ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a

---

[1] The insurance policy at issue was not attached as an exhibit to the Amended Complaint. (*See* Doc. 1, Ex. "A", *generally* ). However, it was provided by Nationwide in support of the motion to dismiss. (*See* Doc. 3, Ex. "B"). Consideration of the policy on the instant motion is proper because Plaintiffs' breach of contract claim is based on that document. *See*, *e.g.*, *Borough of Moosic v. Darwin Nat. Assur. Co.*, 556 F. App'x 92, 95 (3d Cir. 2014); *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 205 n.3 (E.D. Pa. 2017) (considering insurance policy attached by the defendant to its motion to dismiss).

complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "Under the 'notice pleading' standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014) (quoting Fed. R. Civ. P. 8(a)(2)).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements' of the cause of action." *Trzaska v. L'Oreal USA, Inc.*, 865 F. 3d 155, 162 (3d Cir. 2017) (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016)). In reviewing the sufficiency of a complaint, a court must take three steps: (1) identify the elements of the claim; (2) identify conclusions that are not entitled to the assumption of truth; and (3) assume the veracity of the well-pleaded factual allegations and determine whether they plausibly give rise to an entitlement to relief. *See Connelly*, 809 F.3d at 787 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

### III. Discussion

Defendant first moves for dismissal of Plaintiffs' breach of contract claim in Count I of the Complaint. (*See* Doc. 3-2, 4-7). Defendant argues that the applicable policy provisions plainly require that either or both Plaintiffs reside at the property in order to obtain coverage. (*See id.*). And, since Plaintiffs allege not that they resided at the property, but only that they "occupied" the property at the time of the loss as a result of "ongoing and continuous repairs and renovations to the dwelling," Defendant concludes that Plaintiffs have failed to state a breach of contract claim. (*See id.*). I agree.

3

The elements necessary to plead a breach of contract claim under Pennsylvania law are: "(1) the existence of a contract, including its essential terms[;] (2) a breach of the contract; and, (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016) (citing *J.F. Walker Co., Inc. v. Excalibur Oil Grp. Inc.*, 792 A.2d 1269, 1272 (Pa. Super. Ct. 2002)).

Under the applicable policy at issue here, "Dwelling Protection" is provided for "Your dwelling including attached structures. . . ." (Doc. 3, Ex. "B", 5). "Dwelling" is defined in the policy as "a one, two, three, or four family building structure, identified as the insured property on the Policy Declarations, where you reside and which is principally used as a private residence." (*Id*. at 4). The policy "thus clearly makes coverage conditional on at least one of the insureds residing at the Subject Property, and numerous federal courts in Pennsylvania have interpreted similar policy language in the same way." *Gerow v. State Auto Prop. & Cas. Co.*, 346 F. Supp. 3d 769, 778-79 (W.D. Pa. 2018) (citing *Campbell v. State Farm Fire & Cas. Co.*, 2:18-cv-00292, 2018 WL 3468214, at *1 (W.D. Pa. July 18, 2018) (dismissing a complaint against an insurer for breach of contract and bad faith when the insured did not reside at the covered property at the time of the loss); *Chen v. Allstate Ins. Co.*, Civil Action No. 11-2356, 2012 WL 460416, at *6 (E.D. Pa. Feb. 14, 2012) (finding that "the policy language is clear that [the p]laintiff's residency is a condition precedent to insurance coverage"); *Bell v. Allstate Ins. Co.*, No. Civ.A. 03-CV-4482, 2005 WL 1353527, at *3-4 (E.D. Pa. May 31, 2005) ("The definition of dwelling clearly and unambiguously requires that the property to be insured be owner occupied at the time of the loss."); *Certain Underwriters at Lloyd's London, Eng. v. Clark*, No. CIV. A. 97-6674, 1998 WL 404807, at *5-6 (E.D. Pa. July 16, 1998) (explaining that nearly identical language meant that the "[d]efendants by definition must reside at the residence premises; coverage was expressly conditional upon [the defendants] living in the house"); *Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 553, 560 (3d Cir.

2008) (denying coverage for an insured's claims because the insured was not residing at the insured property and the injury was thus excluded from coverage)). Here, because Plaintiffs allege only that "ongoing and continuous repairs" were taking place at the property and not that they resided there, (*see* Doc. 1-2, Ex. "A", ¶ 12), Plaintiffs have failed to plead that Defendant breached a contractual duty when it denied the insurance claim for fire damage. *See, e.g.*, *Campbell*, 2018 WL 3468214, at *1 (residence is "a factual place of abode evidenced by a person's physical presence in a particular place," and the "intention to return to the dwelling at a future date after the fire loss in this case . . . does not establish 'residence' at the premises . . .").

Defendant also seeks dismissal of the bad faith claim in Count II of the Complaint. (*See* Doc. 3-2, 8-14). Specifically, Defendant contends that the boilerplate allegations of bad faith in the Complaint are devoid of any factual averments to support such a claim. (*See id*.). Defendant is correct on this point as well.

Pennsylvania law allows an insured party to receive punitive damages and other relief if the insurer acted in bad faith toward the insured party. 42 Pa. C. S. A. § 8371. Generally, to prevail on a bad faith claim, a plaintiff must establish that: "(1) the insurer did not have a reasonable basis for denying coverage and (2) the insurer knew or recklessly disregarded its lack of a reasonable basis when it denied coverage." *Post v. St. Paul Travelers Ins. Co.*, 609 F. Supp. 2d 382, 385 (E.D. Pa. 2009) (citing *Greene v. United Servs. Auto. Ass'n*, 936 A.2d 1178, 1189 (Pa. Super. Ct. 2007)); *see also Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017) (adopting two-part test). A plaintiff may also make a claim for bad faith stemming from an insurer's investigative practices, such as a "lack of a good faith investigation into facts, and failure to communicate with the claimant." *Romano v. Nationwide Mut. Fire Ins. Co.*, 646 A.2d 1228, 1232 (Pa. Super. Ct. 1994) (citation omitted).

In deciding whether an insurer had a reasonable basis for denying benefits, a court must examine what factors the insurer considered in evaluating a claim. *See Terletsky v. Prudential Prop. & Cas. Ins. Co.,* 649 A.2d 680, 688-89 (Pa. Super. Ct.

1994). "Bad faith claims are fact specific and depend on the conduct of the insurer vis à vis the insured." *Condio v. Erie Ins. Exchange*, 899 A.2d 1136, 1143 (Pa. Super. Ct. 2006) (citing *Williams v. Nationwide Mutual Ins. Co.*, 750 A.2d 881, 887 (Pa. Super. Ct. 2000)). Mere negligence or bad judgment does not constitute bad faith. *Condio*, 899 A.2d at 1143. But, recklessness on the part of the insurer can support a finding of bad faith. *Polselli v. Nationwide Mut. Fire Ins. Co.*, 23 F.3d 747, 751 (3d Cir. 1994).

Plaintiffs plead the following with respect to Defendant's alleged bad faith: (1) Defendant has "undertaken this course of action and unilaterally, without justification, deprived Plaintiffs of their rightful payment for damages to their property occurring on May 18, 2017 . . . all in the financial interest of Allstate and in disregard of the interest of their insureds . . ."; (2) Defendant's "actions constitute a pattern in practice, not only in this claim, but in the handling of other claims in which totally unfair and unethical negotiation and settlement tactics are not only employed but encouraged by Defendant . . ."; and (3) Defendant "has acted with obvious bad faith and/or reckless disregard to the rights of their insured in failing to pay the Plaintiffs' claim pursuant to the terms and conditions of the above mentioned homeowners insurance policy." (Doc. 1-2, ¶¶ 30-32). Absent from the Complaint, though, are any factual averments supporting these sweeping allegations of bad faith. And, courts have routinely found such conclusory statements are not sufficient to maintain a bad faith claim. *See, e.g., Rosenthal v. American States Ins. Co.*, No. 18-1755, 2019 WL 1354141, at *4 (M.D. Pa. Mar. 26, 2019); *Rickell v. USAA Cas. Ins. Co.*, No. 18-1279, 2018 WL 5809865, at *3 (M.D. Pa. Nov. 6, 2018); *Meyers v. Protective Ins. Co.*, No. 16-1821, 2017 WL 386644, at *9 (M.D. Pa. Jan. 27, 2017). Accordingly, as the Complaint is devoid of any factual allegations to support the Complaint's conclusory statements of bad faith, the statutory bad faith cause of action will be dismissed.

Plaintiffs will, however, be given leave to file an amended complaint. Although they have not requested it and *sua sponte* leave is not required in non-civil rights cases

in this Circuit, *see Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007) ("we hold that in ordinary civil litigation it is hardly error for a district court to enter final judgment after granting a Rule 12(b)(6) motion to dismiss when the plaintiff has not properly requested leave to amend its complaint"), Plaintiffs will be given the chance to allege sufficient facts to show that Defendant breached the insurance agreement by denying coverage and/or acted in bad faith. Thus, in accordance with the dictates of Federal Rule of Civil Procedure 15(a)(2), Plaintiffs will be given the opportunity to file an amended complaint.

### IV. Conclusion

For the above stated reasons, the motion to dismiss will be granted, but Plaintiffs will be given twenty-one (21) days in which to file an amended complaint. Failure to do so will result in the dismissal of the breach of contract and bad faith claims with prejudice.

An appropriate order follows.

May 2, 2019  
Date

/s/ A. Richard Caputo  
A. Richard Caputo  
United States District Judge