# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NANETTE BLOXHAM and JUSTIN BLOXHAM,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

NO. 3:19-CV-0481

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before me is the Motion for Judgment on the Pleadings (Doc. 16) filed by Defendant Allstate Insurance Company ("Defendant"). For the reasons that follow, the motion will be denied.

## I. Background

The facts as alleged in the Amended Complaint (Doc. 9) are as follows:

On or about March 17, 2017, Nanette and Justin Bloxham ("Plaintiffs") purchased an insurance policy from Defendant which provided coverage for a home at 2082 State Route 247, Clifford Township, Lackawanna County, Pennsylvania. (*See* Doc. 9, ¶ 6). The policy provided coverage for loss to the dwelling in the amount of $167,388.00, personal property loss in the amount of $117,172.00, and loss of use limited to loss sustained not to exceed 12 consecutive months. (*See id*. at ¶ 8).

On or about May 18, 2017, Plaintiffs sustained an accidental fire loss to the home and personal property. (*See id*. at ¶ 9). The home was a total loss. (*See id*. at ¶ 19). Plaintiffs reported the loss to Defendant and complied with all requests for information. (*See id*. at ¶ 10-11).

By correspondence dated May 3, 2018, Defendant denied payment on the basis that Plaintiffs did not reside at the subject property. (*See id*. at ¶ 12 & Ex. "B"). Therein, Defendant explained: "Allstate's investigation has determined that neither

Nanette nor Justin resided at the Property. There were misrepresentations of fact material to the claim, including, but not limited to misrepresentations related to residency, condition of the Property prior to the fire, ownership of the Property, and issues regarding utilities at the Property." (*Id*. at Ex. "B"). The denial letter also cited the policy language relied on by Defendant to deny coverage. (*See id*.).

Plaintiffs dispute the decision to deny coverage "and continue to argue their claim that the property was in fact occupied at the time of the fire as the Plaintiff, Justin Bloxham, was residing there and he was making ongoing and continuous repairs and renovations to the dwelling so he could continue to reside there." (*Id*. at ¶ 13).

Prior to denying Plaintiffs' claim, Defendant took Justin Bloxham's Statement Under Oath, at which time he produced a valid driver's license reflecting that his address was at the Property. (*See id*. at ¶ 14). He also testified that he lived at the Property for more than ten years prior to the fire. (*See id*. at ¶ 15). Justin Bloxham slept there and was "settled there and made that residence his home. [He] had his personal belonging there and was at the home every day." (*Id*. at ¶ 16).

Based on the foregoing, Plaintiffs commenced litigation against Defendant by filing a Praecipe for Writ of Summons in the Court of Common Pleas of Susquehanna County, Pennsylvania. (*See* Doc. 1-2, ¶ 1). Plaintiffs subsequently filed a two-Count Complaint asserting claims for breach of contract (Count I) and statutory bad faith (Count II). (*See* Doc. 1-2, Ex. "A", *generally*). Defendant removed the action to this Court on March 18, 2019. (*See* Doc. 1, *generally*). Defendant moved to dismiss the Complaint, (*see* Doc. 3, *generally*), and that motion was granted. (*See* Doc. 7, *generally*). Plaintiffs were, however, given leave to file an amended pleading. (*See id*.).

On June 2, 2019, Plaintiffs filed a one-Count Amended Complaint for breach of contract. (*See* Doc. 9, *generally*). Defendant answered the Amended Complaint on June 24, 2019. (*See* Doc. 13, *generally*). Thereafter, Defendant filed the instant motion for judgment on the pleadings. (*See* Doc. 16, *generally*). That motion is now

2

ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 12(c) provides: "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate "if the movant clearly establishes that there are no material issues of fact, and he is entitled to judgment as a matter of law." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005). "'A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion.'" *Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017) (quoting *Revel v. Port Auth. of NY, NJ*, 598 F.3d 128, 134 (3d Cir. 2010)). "In considering a motion for judgment on the pleadings, a court must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party." *Id*. at 417-18 (citing *Allah v. Al–Hafeez*, 226 F.3d 247, 249 (3d Cir. 2000)). "In ruling on a motion for judgment on the pleadings, 'the court reviews not only the complaint but also the answer and written instruments attached to the pleadings.'" *Barnard v. Lackawanna Cnty.*, 194 F. Supp. 3d 337, 340 (M.D. Pa. 2016) (quoting *Brautigam v. Fraley*, 684 F. Supp. 2d 589, 591 (M.D. Pa. 2010)); *see also L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) ("On a 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.").

## III. Discussion

Defendant argues that it is entitled to judgment on the pleadings on Nanette Bloxham's breach of contract claim because she did not reside at the Property, and that it is entitled to judgment on the pleadings as to Justin Bloxham's claim because there is no evidence that he resided at the Property and/or because he made misrepresentations of material facts and circumstances. (*See* Doc. 17, *generally*).

While Plaintiffs concede that Nanette Bloxham did not reside at the Property,[1] they dispute that Defendant is entitled to judgment on the pleadings as to Justin Bloxham's breach of contract claim. (*See* Doc. 18, *generally*).

The elements necessary to plead a breach of contract claim under Pennsylvania law are: "(1) the existence of a contract, including its essential terms[;] (2) a breach of the contract; and, (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016) (citing *J.F. Walker Co., Inc. v. Excalibur Oil Grp. Inc.*, 792 A.2d 1269, 1272 (Pa. Super. Ct. 2002)).

Under the applicable policy at issue here, "Dwelling Protection" is provided for "Your dwelling including attached structures. . . ." (Doc. 13, Ex. "F", 5). "Dwelling" is defined in the policy as "a one, two, three, or four family building structure, identified as the insured property on the Policy Declarations, where you reside and which is principally used as a private residence." (*Id*. at 4). The policy "thus clearly makes coverage conditional on at least one of the insureds residing at the Subject Property, and numerous federal courts in Pennsylvania have interpreted similar policy language in the same way." *Gerow v. State Auto Prop. & Cas. Co.*, 346 F. Supp. 3d 769, 778-79 (W.D. Pa. 2018) (citing *Campbell v. State Farm Fire & Cas. Co.*, 2:18-cv-00292, 2018 WL 3468214, at *1 (W.D. Pa. July 18, 2018) (dismissing a complaint against an insurer for breach of contract and bad faith when the insured did not reside at the covered property at the time of the loss); *Chen v. Allstate Ins. Co.*, Civil Action No. 11-2356, 2012 WL 460416, at *6 (E.D. Pa. Feb. 14, 2012) (finding that "the policy language is clear that [the p]laintiff's residency is a condition precedent to insurance coverage"); *Bell v. Allstate Ins. Co.*, No. Civ.A. 03-CV-4482, 2005 WL 1353527, at *3-4 (E.D. Pa. May 31, 2005) ("The definition of dwelling

---

[1] Nanette Bloxham's breach of contract claim will therefore be dismissed with prejudice.

clearly and unambiguously requires that the property to be insured be owner occupied at the time of the loss."); *Certain Underwriters at Lloyd's London, Eng. v. Clark*, No. CIV. A. 97-6674, 1998 WL 404807, at *5-6 (E.D. Pa. July 16, 1998) (explaining that nearly identical language meant that the "[d]efendants by definition must reside at the residence premises; coverage was expressly conditional upon [the defendants] living in the house"); *Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 553, 560 (3d Cir. 2008) (denying coverage for an insured's claims because the insured was not residing at the insured property and the injury was thus excluded from coverage)).

Here, Plaintiffs adequately allege that Justin Bloxham resided at the Property. (*See* Doc. 9, *generally*). Specifically, they aver that Justin Bloxham lived at the property for more than ten (10) years prior to the loss, that he had a valid driver's license reflecting his address as that at the Property, that he slept at the Property, that his personal belongings remained at the Property, and that he was at the Property every day. (*See id.* at ¶¶ 14-16). Accepting the allegations in the Amended Complaint as true and drawing all reasonable inferences in their favor, Plaintiffs have plausibly pled that Justin Bloxham resided at the Property at the time of the fire. As such, judgment on the pleadings in favor of Defendant on Justin Bloxham's breach of contract claim is not warranted.

Defendant's Answer to the Complaint and the documents attached thereto do not compel a contrary finding. First, Defendant relies on transcripts of the Statements Under Oath given by Plaintiffs, but such transcripts are not properly considered in evaluating a motion for judgment on the pleadings.

Rule 10(c) of the Federal Rules of Civil Procedure provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). The types of exhibits that are considered "written instruments" and are "incorporated within the pleadings by Rule 10(c) consist largely of documentary evidence, specifically, contracts, notes, and other 'writing[s] on which [a party's] action or defense is based.'" *Rose v. Bartle*, 871 F.2d 331, 340 n.3 (3d Cir.

1989) (internal citations omitted). For that reason, "lengthy exhibits containing evidentiary matter should not be attached to the pleadings." *Id.* (alterations, citation, and quotation omitted); *see also J.B. Hunt Transport, Inc. v. Liverpool Trucking Co., Inc.*, No. 11-1751, 2013 WL 3208586, at *3 (M.D. Pa. 2013) ("Exhibits solely containing evidentiary matter, such as depositions, are not considered 'written instruments' under Rule 10(c) and are typically excluded from consideration of the pleadings."). Because the Statements Under Oath consist of only evidentiary matters, they cannot be considered at this juncture. *See, e.g., Calpin v. Lackawanna Cty.*, No. 16-2013, 2017 WL 590277, at *6 (M.D. Pa. Feb. 14, 2017).

The Investigative Report attached to Defendant's Answer cannot be considered for the same reason. It is a "lengthy exhibits containing evidentiary matter," which the Third Circuit has instructed "should not be attached to the pleadings." *Rose*, 871 F.2d at 340 n.3. Accordingly, that document cannot form the basis for granting the present motion. *See, e.g., Day v. DeLong*, No. 3:16-cv-00437, 2017 WL 5903761, at *7 (S.D. Ohio Nov. 30, 2017) (written narrative reports are "not on par with a contract, deed, will, promissory note, or other such 'written instruments' within Rule 10(c). Defendants essentially ask the Court to accept as true the version of the events they describe in their written reports and the EMT form. This is contrary to Rule 12(c)'s mandate that the facts alleged in Day's Complaint be taken as true and that his Complaint be construed in his favor."), *report and recommendation adopted*, 2018 WL 348057 (S.D. Ohio Jan. 10, 2018); *accord In re Herbalife, Ltd. Sec. Litig.*, No. 14-2850, 2015 WL 12734014, at *1 (expert reports are not "written instruments" under Rule 10(c)).

Similarly, the bills reflecting power usage at the subject Property also implicate only evidentiary matters, so they are not "written instruments" under Rule 10(c). Moreover, even if they could be considered, the bills simply serve to contradict Plaintiffs' factual averments that Justin Bloxham slept at the Property and lived there for more than ten (10) years prior to the fire. Since a Rule 12(c) motion is evaluated

under the same standard as a Rule 12(b)(6) motion, I accept the averments in the Amended Complaint as true for purposes of ruling on the motion before me. *See*, *e.g.*, *Kaite v. Altoona Student Transp., Inc.*, 296 F.3d 736, 741 n.3 (W.D. Pa. 2017); *accord Allen v. Eckard*, No. 17-996, 2018 WL 2113234, at *1 (M.D. Pa. May 8, 2018) ("As a result of the obligation to view the facts and reasonable inferences in favor of the nonmovant, however, a court should treat any allegations in the answer that contradict the complaint as false."). Thus, the bills setting forth purported electric use at the Property do not permit entry of judgment on the pleadings.

Finally, insofar as Defendant claims that it is entitled to judgment on the pleadings in light of materially false information provided by Justin Bloxham in the course of its investigation of the loss, Defendant again relies on the transcript of his Statement Under Oath. But, as said before, that transcript is not a "written instrument" pursuant to Rule 10(c). So Defendant's motion cannot be granted on this ground either.

### IV. Conclusion

For the above stated reasons, Nanette Bloxham's breach of contract claim will be dismissed with prejudice, but Defendant's motion for judgment on the pleadings will be denied.

An appropriate order follows.

October 9, 2019  /s/ A. Richard Caputo
Date             A. Richard Caputo
                 United States District Judge

7